# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL SPARKS, | ) |
| Petitioner, | ) |
| v. | ) No: 1:13-cv-1934-WTL-DML |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

### Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

Having considered the pleadings and the expanded record, and being duly advised, the court finds that the petition of Paul Sparks for a writ of habeas corpus should be denied. In addition, the court finds that a certificate of appealability should not be issued. These conclusions rest on the following facts and circumstances:

1. Sparks' probation was revoked by a state court on June 29, 2012. This decision was appealed, resulting in a remand with instructions to conduct a new violation hearing. *Sparks v. State*, 983 N.E.2d 221, 223–24 (Ind. Ct. App. 2013).

2. The second revocation hearing was conducted on July 26, 2013, at which time Sparks admitted the violation and the trial court again revoked Sparks' probation.

3. No appeal was filed with respect to the second violation hearing just described. A petition for post-conviction relief challenging the second probation violation just described has not been filed in the trial court.

4. Sparks now challenges the second probation violation just described by seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). He claims that the second probation violation is tainted with multiple constitutional infirmities.

5. "[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is `no,' the petition is barred either for failure to exhaust state remedies or for procedural default." *Id.*

6. Procedural default occurs "when a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed." *Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.*, the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). In *Schlup v. Delo,* 513 U.S. 298,

327 (1995), the Supreme Court explained that to establish a "fundamental miscarriage of justice" a petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (quoting *Murray v. Carrier,* 477 U.S. at 496). And, in order to establish a claim of actual innocence "he must convince the court that no reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court." *Perruquet v. Briley,* 390 F.3d 505, 515 (7th Cir. 2004) (citing *Schlup*).

      7.      The inquiry in this case centers on procedural default because Sparks has committed procedural default with respect to his habeas claims:

      a.      Any claim based on the first probation violation has been defaulted here because Sparks did not seek transfer to the Indiana Supreme Court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)("'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary."); *Hogan v. McBride,* 74 F.3d 144, 146 (7th Cir. 1996) ("Forfeiture under § 2254 is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court.").

      b.      Sparks committed procedural default with respect to the claims based on the second probation violation by not presenting such claims to the Indiana courts. *See Lane v. Richards,* 957 F.2d 363, 366 (7th Cir.), *cert. denied,* 113 S. Ct. 127 (1992).

      8.      Sparks has not acknowledged his procedural default even though it is the sole argument made by the respondent in opposing Sparks' habeas petition. The closest Sparks comes to acknowledging this barrier to relief is his argument that miscarriages of justice occurred in the state courts. The result of such an argument, if accepted, would eviscerate the doctrine of procedural default. *Breard v. Greene,* 523 U.S. 371, 375 (1998)("It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted.")(citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)).

9. "[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Sparks has encountered this hurdle as to all of his habeas claims. He has not overcome the hurdle, and for this reason his petition for writ of habeas corpus must be denied without the merits of his claims being reached.

10. Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ′ 2254 Proceedings*, and 28 U.S.C. ′ 2253(c), the court finds that Sparks has failed to show that reasonable jurists would find Ait debatable whether the petition states a valid claim of the denial of a constitutional right@ and Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 02/27/2014

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

PAUL B. SPARKS    #222181
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Electronically Registered Counsel